

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

**MEMO ENDORSED**

*86 Chambers Street*
*New York, New York 10007*

May 6, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/6/22___

VIA ECF
Hon. Valerie E. Caproni
United States District Judge
United States District Court
40 Foley Square
New York, New York 10007

Re:     *Samnel Ceridor v. Mayorkas, et al.*, No. 22 Civ. 1605 (VEC)

Dear Judge Caproni:

        This Office represents the government in this action in which the plaintiff seeks an order compelling U.S. Citizenship and Immigration Services ("USCIS") to adjudicate an Application to Register Permanent Residence or Adjust Status (Form I-485).  I write respectfully on behalf of all parties to jointly request that the Court stay this matter for ninety days (*i.e.*, from May 13, 2022, to August 11, 2022) and that the initial conference presently scheduled for May 27, 2022, be adjourned until after the stay period.[1]

        The parties respectfully request that the Court stay this matter because the plaintiff is subject to a removal order but has been accorded Temporary Protected Status ("TPS").  A central issue in this case is the legal effect of the plaintiff's travel and return to the United States pursuant to a grant of advance parole and whether USCIS has jurisdiction to adjudicate the Form I-485. Under the government's current interpretation of 8 U.S.C. § 1254a(f)(3) and section 304(c) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 ("MTINA"), such travel by an individual with TPS does not execute a removal order, and thus, the plaintiff remains in the status he had before he travelled—*i.e.*, a noncitizen with a removal order.  It is the government's current position that, in these circumstances, the immigration judge has exclusive jurisdiction over whether the plaintiff can adjust status, and therefore, USCIS cannot adjudicate a Form I-485.  *See* 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1)(i) (granting "exclusive jurisdiction" to the immigration court following commencement of removal proceedings when a noncitizen is not an "arriving alien," *i.e.*, an applicant for admission at a port of entry).

        However, the parties believe that there may be a way in which they could potentially resolve this matter without the need for motion practice or judicial intervention.  The plaintiff may be able to seek termination of his removal proceedings by asking the Office of the Principal Legal Advisor ("OPLA") of U.S. Immigration and Customs Enforcement ("ICE") to join in a motion to reopen his removal proceedings and to terminate the removal order.  *See Central American Resource Center*, *et al.*, *v. Jaddou*, 20 Civ. 02363 (D.D.C. Mar. 21, 2022), ECF No. 68 (stipulation of settlement and dismissal in which ICE OPLA agreed through January 2025 that unless an individual is an enforcement priority, to generally exercise its prosecutorial discretion by joining

---

[1] On April 25, 2022, the government requested that the Court adjourn the initial conference until sometime after the government's response to the complaint was due.  *See* ECF No. 8.  On April 26, 2022, the Court granted this request.  *See* ECF No. 9.  I apologize for not requesting the stay, instead of an adjournment, on April 25.  I had not realized at that time that a stay would be a better course for this matter.

a motion to reopen and moving to dismiss removal proceedings for individuals who possess TPS status, have a removal order, have traveled using advanced parole after the removal order was issued, and are otherwise prima facie eligible for adjustment of status); https://www.uscis.gov/laws-and-policy/other-resources/class-action-settlement-notices-and-agreements/certain-temporary-protected-status-tps-recipients-with-orders-of-removal-or-deportation-seeking (last accessed May 6, 2022).  Should the plaintiff's removal proceedings be terminated pursuant to the above process, USCIS could then resume adjudication of the Form I-485.  *See id.*

The parties respectfully submit that it is in the interest of efficiency and conservation of resources for the Court to stay this case for ninety days to allow the plaintiff to pursue this process. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Here, while the parties attempt to resolve this matter through this alternative process, it would be prudent to hold this action in abeyance to avoid unnecessary motion practice and thus preserve judicial and party resources, particularly where the conclusion may render this action moot.  *See, e.g.*, *Fareportal Inc. v. Travana, Inc.*, Nos. 16 Civ. 9882 (ALC), 17 Civ. 968 (ALC), 2017 WL 11512550, at *2 (S.D.N.Y. Sept. 25, 2017) ("The outcome of that expert's analysis may eliminate Fareportal's claims here, or at least significantly reduce the scope of the actions pending before this Court.  Given this potential efficiency, the Court will stay this action under its inherent authority to manage its own docket in an efficient manner.").

We thank the Court for its consideration of this request.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/ *Jacqueline Roman*
JACQUELINE ROMAN
Special Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (347) 714-3363
E-mail: jacqueline.roman@usdoj.gov
*Attorney for Defendants*

cc: Counsel of record (via ECF)

Application GRANTED.  This case is hereby STAYED until **Thursday, August 4, 2022**.
The Initial Pre-Trial Conference currently scheduled for May 27, 2022, at 10:30 a.m. is
hereby ADJOURNED until **August 19, 2022, at 10:00 a.m.**  Pre-conference submissions as
described in the Court's order at Docket 6 are due not later than **August 11, 2022**.
SO ORDERED.

5/6/22

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE