

**MEMO ENDORSED**

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

August 1, 2022

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/2/22
```

<u>VIA ECF</u>
Hon. Valerie E. Caproni
United States District Judge
United States District Court
40 Foley Square
New York, New York 10007

      Re:    *Samnel Ceridor v. Mayorkas, et al.*, No. 22 Civ. 1605 (VEC)

Dear Judge Caproni:

      This Office represents the government in this action in which the plaintiff seeks an order compelling U.S. Citizenship and Immigration Services ("USCIS") to adjudicate an Application to Register Permanent Residence or Adjust Status (Form I-485). I write respectfully on behalf of all parties to jointly request that the Court continue to stay this matter for an additional ninety days (*i.e.*, from August 4, 2022, to November 2, 2022) and that the initial conference presently scheduled for August 19, 2022, be adjourned until after the stay period.

      As discussed in the prior joint stay request, *see* ECF No. 10, the plaintiff is subject to a removal order but has been accorded Temporary Protected Status ("TPS"). A central issue in this case is the legal effect of the plaintiff's travel and return to the United States pursuant to a grant of advance parole and whether USCIS has jurisdiction to adjudicate the Form I-485. Under the government's current interpretation of 8 U.S.C. § 1254a(f)(3) and section 304(c) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 ("MTINA"), such travel by an individual with TPS does not execute a removal order, and thus, the plaintiff remains in the status he had before he travelled—*i.e.*, a noncitizen with a removal order. It is the government's current position that, in these circumstances, the immigration judge has exclusive jurisdiction over whether the plaintiff can adjust status, and therefore, USCIS cannot adjudicate a Form I-485. *See* 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1)(i) (granting "exclusive jurisdiction" to the immigration court following commencement of removal proceedings when a noncitizen is not an "arriving alien," *i.e.*, an applicant for admission at a port of entry).

      The plaintiff recently filed a request for prosecutorial discretion seeking termination of his removal proceedings with the Office of the Principal Legal Advisor ("OPLA") of U.S. Immigration and Customs Enforcement ("ICE"). Should the plaintiff's removal proceedings be terminated pursuant to the above process, USCIS could then resume adjudication of the Form I-485.

      The parties respectfully submit that it is in the interest of efficiency and conservation of resources for the Court to stay this case for ninety days to allow the plaintiff to pursue the above-described process. This could potentially avoid unnecessary motion practice and thus could preserve judicial and party resources, particularly given that the conclusion of this process could render this action moot. This is the parties' second request for a stay; the Court granted the prior request. *See* ECF No. 11.

We thank the Court for its consideration of this request.

                                Respectfully submitted,

                                DAMIAN WILLIAMS
                                United States Attorney

By:   s/ *Jacqueline Roman*
        JACQUELINE ROMAN
        Special Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (347) 714-3363
        E-mail: jacqueline.roman@usdoj.gov
        *Attorney for Defendants*

cc: Counsel of record (via ECF)

---

Application GRANTED. This matter is hereby STAYED until November 2, 2022. The Initial Pre-Trial Conference currently scheduled for August 19, 2022, is hereby ADJOURNED until **November 18, 2022, at 10:00 a.m.** Pre-conference submissions are due not later than **November 3, 2022**.

SO ORDERED.

*[signature]*
8/2/22

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE